UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| OPENMIND SOLUTIONS, | No. C 11-03311 MEJ |
| Plaintiff, | **QUESTIONS FOR JULY 26, 2011 HEARING** |
| v. | |
| DOES 1-39, | |
| Defendants. | |

On July 7, 2011, Plaintiff Openmind Solutions, Inc. filed an *ex parte* Application for Leave to Take Expedited Discovery. Dkt. No. 6. To assist the Court in evaluating Plaintiff's request, the Court sets forth the following questions for counsel to address at the hearing.

1. Several recent decisions have found that joinder of multiple defendants in similar scenarios was inappropriate because the plaintiff had failed to allege that the defendants were sharing the same file. Thus, while the copyrighted work at issue may have been the same, the files being shared were different in some respect, which in turn spawned separate swarms on the P2P network and undercut any allegation that the defendants were involved in the same transaction or occurrence for purposes of joinder under Rule 20. In this case, has Plaintiff alleged (or with some discovery *can Plaintiff allege*) that the file of *Throated 30* being shared by the 39 doe defendants was the same?

2. Plaintiff alleges that the doe defendants infringed on its rights in *Throated 30* at various points over the course of six weeks. At the same time, in its Application, Plaintiff concedes that not all of the doe defendants may have been physically present in the swarm on the same date and time. For purposes of defining the swarm, are there any time limitations that can be imposed, or is a swarm open-ended, such that once a seed file is uploaded any user who attempts to download a portion of

that seed file is included in the swarm irrespective of whether the download occurs six hours or six weeks after the seed file is uploaded?  How does this square with defining the same transaction and occurrence under Rule 20?

3.     With respect to permissive joinder under Rule 20, some courts have addressed the issue when considering a motion for expedited discovery, while others have indicated that joinder should be addressed after discovery as to the identity of the doe defendants has been completed and the plaintiff effects service of process.  Assuming that the only new information that will come out if the Court allows Plaintiff to conduct the expedited discovery is the doe defendants' identities, is there any reason to delay ruling on the joinder issue?  In the same vein, if the Court finds that Plaintiff has *alleged* sufficient facts to support joinder at this time, but will later require Plaintiff to present evidence to establish that joinder is appropriate under Rule 20, when is the proper time for the Court to make that determination?

4.     Plaintiff explains that on the BitTorrent protocol, the peers must piece together portions of a file to obtain a complete version of the copyrighted work.  Is there any way to trace portions of the file to a specific peer?  For example, can Plaintiff determine that Doe 2 shared part of the *Throated 30* file with Doe 3 on a specific day and time?

**IT IS SO ORDERED.**

Dated: July 25, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge