UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| OPENMIND SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-39, <br><br> Defendants. <br> _____/ | No. C 11-3311 MEJ <br><br> **ORDER FOR PLAINTIFF TO FILE DECLARATION RE: CASE STATUS** |

On July 6, 2011, Plaintiff OpenMind Solutions, Inc. filed this lawsuit against 39 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Throated 30*"), using an internet peer-to-peer file sharing network known as BitTorrent, thereby violating the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 18-24, Dkt. No. 1. On October 7, 2011, the Court granted Plaintiff's Application for Leave to Take Limited Expedited Discovery. Dkt. No. 23. The Court permitted Plaintiff to serve subpoenas on Does 1-39's Internet Service Providers ("ISPs") by serving a Federal Rule of Civil Procedure 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-39. Once the ISPs provided Does 1-39 with a copy of the subpoena, the Court permitted Does 1-39 30 days from the date of service to file any motions contesting the subpoena (including a motion to quash or modify the subpoena).

Since granting Plaintiff's request, a check of the Court's docket disclosed that no defendant has appeared and no proof of service has been filed. Further, the Court is aware that this case is but one of the many "mass copyright" cases to hit the dockets of federal district courts across the

country in recent months. Like in this case, after filing the suit, the plaintiff seeks discovery from ISPs who possess subscriber information associated with each IP address. With the subscriber information in hand, the court is told, the plaintiff can proceed to name the defendants in the conventional manner and serve each defendant, so that the case may proceed to disposition. This disposition might take the form of settlement, summary judgment, or if necessary, trial. In most, if not all, of these cases, if the plaintiff is permitted the requested discovery, none of the Doe defendants are subsequently named in the cases; instead, the plaintiff's counsel sends settlement demand letters and the defendants are subsequently dismissed either by the Court or voluntarily by the plaintiff.

As Plaintiff in this case has yet to name a single Doe Defendant, the Court hereby ORDERS Plaintiff's counsel to file a declaration which provides the following information:

1) Each Doe Defendant listed separately by number and IP address;

2) The Doe Defendant's ISP;

3) The date on which Plaintiff served the order granting discovery on the ISP;

4) The date on which the ISP served the subpoena on the Doe Defendant;

5) Whether the ISP has provided the Doe Defendant's identifying information and, if provided, the date on which it was provided to Plaintiff;

6) If Plaintiff has obtained the Doe Defendant's identifying information, an explanation as to why the defendant has not been named and why no proof of service has been filed, as well as why the Court should not dismiss the defendant pursuant to Federal Rule of Civil Procedure 4(m); and

7) If Plaintiff has obtained the Doe Defendant's identifying information and the location is outside of the Northern District of California, why the Court should not dismiss the Doe Defendant for lack of jurisdiction and/or improper venue.

Plaintiff shall file its status report by December 8, 2011.

**IT IS SO ORDERED.**

Dated: December 1, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

2