Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENMIND SOLUTIONS, INC., ) | No. C-11-03311 MEJ |
| ) | |
| Plaintiff, ) | **DECLARATION OF BRETT L. GIBBS** |
| v. ) | **IN RESPONSE TO COURT'S ORDER** |
| ) | **FOR PLAINTIFF TO FILE** |
| DOES 1-39, ) | **DECLARATION** |
| ) | |
| Defendant(s). ) | |
| ) | |

I, Brett L. Gibbs, declare as follows:

1. I am an attorney at law licensed to practice in California, and admitted in the Northern District of California. My business address is 38 Miller Avenue, #263, Mill Valley, CA, 94941. I am counsel of record for Plaintiff in this matter.

2. On December 1, 2011, the Court issued an order requiring Plaintiff to file a declaration addressing seven specific case-management related inquiries. This is the responding Declaration. Attached to this Declaration is Exhibit A, which addresses four of the first five of the Court's inquiries regarding data information. The information contained in Exhibit A is incorporated as if stated in this declaration, and based on my belief that the recordation of these events is true and accurate.

3. Inquiry number four requires Plaintiff to provide the exact "date on which the ISP served the subpoena on the Doe Defendant." Per the Court's order, the Internet Service Provider has a 30-day window within which it must provide a copy of the subpoena to the individual subscriber. I

1  am informed and believe that all subpoenas are served upon subscribers accordingly. However, the
2  Internet Service Providers do not report to me, or my firm, regarding the exact date/time that they
3  serve the subpoenas.

4     4. Inquiry number six requests a response to the statement that: "If Plaintiff has obtained the Doe Defendant's identifying information, an explanation as to why the defendant has not been named and why no proof of service has been filed, as well as why the Court should not dismiss the defendant pursuant to Federal Rule of Civil Procedure 4(m)." As the Court will note on Exhibit A, all – except for one – of the subpoenas were returned on December 1, 2011. In other words, Plaintiff has had minimal opportunity to establish contact with those individuals, let alone serve them in this manner. As for the lone individual whose identifying information was actually provided prior to December 1, 2011, that individual has been contacted. In this instance, the parties are engaged in active settlement negotiations and for this reason Plaintiff has delayed service and/or naming this individual. For these reasons, the Court should not dismiss the case pursuant to Rule 4(m) because Plaintiff, as explained, has good cause to extend time for service of the on the Doe Defendants.

    5. Inquiry number seven requests a response to the statement that: "If Plaintiff has obtained the Doe Defendant's identifying information and the location is outside of the Northern District of California, why the Court should not dismiss the Doe Defendant for lack of jurisdiction and/or improper venue." The Court should not dismiss any Doe Defendants for lack of personal jurisdiction because to date none of the subpoena responses indicate that subscribers reside outside of the State of California. Plaintiff used geolocation in an attempt to restrict the Doe Defendants to persons in California. Although at best imperfect, geolocation has been successful in this regard thus far. The Doe Defendants—to the extent they reside in California—are unquestionably subject to personal jurisdiction in the Northern District of California. *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 984 n. 3 (9th Cir. 2009). The venue inquiry is premature at this early stage of receiving the Doe Defendants' identifying information. First, Plaintiff is actively involved in verifying the identifying information provided by the ISP's in the subpoena responses that have been fulfilled—so there is no confirmation that the addresses provided by the ISP's are up-to-date.

Second, once the addresses are verified Plaintiff still needs to verify that the infringers are not subject to service in this District—either by reason of attending school in this District, making business trips to this District, vacationing in this District or otherwise being present in this District. Only after these determinations have been made would a venue inquiry be appropriate.

6. To cure any venue concerns, Plaintiff affirms that, should it discover that certain Doe Defendants do in fact reside outside of the Northern District of California and are not likely to be subject to service in this District, then Plaintiff will dismiss them without prejudice from this case, and pursue them separately in the relevant district.

7. I declare under penalty of perjury that the foregoing is true and correct based on my own personal knowledge, except for those matters stated on information and belief, and those matters I believe to be true. If called upon to testify, I can and will competently testify as set forth above.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: December 5, 2011**

By: ___/s/ Brett L. Gibbs, Esq.___
Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*